

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Lon A. Smith, Chairman,
Honorable Jerry Sadler, Commissioner,
Railroad Commission of Texas
Austin, Texas

Gentlemen:                    Opinion No. 0-2723

                        Re: Construction of Article
                        6058 R. C. S., with
                        respect to the time for
                        appeal by a gas utility
                        to the Commission.

        We beg to acknowledge receipt of your letter
requesting an opinion from this department, which let-
ter is as follows:

        "The petition of Houston Natural Gas
    Corporation, copy of which is appended here-
    to, has been filed with the Railroad Commis-
    sion (Gas Utilities Division) and received
    and docketed subject to the action of this
    Commission upon the question of its juris-
    diction in this particular appeal.

        "The question of jurisdiction arises
    from the fact that the Company did not
    originally appeal to the Commission from
    the El Campo rate ordinance, effective
    September 1, 1939, but instead attacked
    the validity of the ordinance and the gas
    utility statutes by an appeal to the Dis-
    trict Court in Wharton County, where the
    ordinance was superseded and litigation
    initiated.

        "The ordinance and the statutes were
    finally held to be valid and the Company
    filed its appeal to the Commission on August
    9, 1940, after nearly a year had elapsed
    from the effective date of the ordinance.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Lon A. Smith
Honorable Jerry Sadler    - page 2

"Two questions are present which affect the jurisdiction of the Commission -

"First:  Has the Company lost its right of appeal to the Railroad Commission as provided by Article 6058, R. S., 1925, as amended?

"Second:  Is the ordinance rate now the legal rate in El Campo?

"Answers to these two questions will be appreciated."

Article 6058 of the Revised Civil Statutes is as follows:

"When a city government has ordered any existing rate reduced, the gas utility affected by such order may appeal to the Commission by filing with it on such terms and conditions as the Commission may direct, a petition and bond to review the decision, regulation, ordinance, or order of the city, town or municipality.  Upon such appeal being taken the Commission shall set a hearing and may make such order or decision in regard to the matter involved therein as it may deem just and reasonable. The Commission shall hear such appeal de novo. Whenever any local distributing company or concern, whose rates have been fixed by any municipal government, desires a change of any of its rates, rentals or charges, it shall make its application to the municipal government where such utility is located and such municipal government shall determine said application within sixty days after presentation unless the determination thereof may be longer deferred by agreement.  If the municipal government should reject such application or fail or refuse to act on it within said sixty days, then the utility may appeal to the Commission as herein provided.  But said Commission shall determine the matters involved in any such appeal within sixty days after the filing by such utility of such appeal with said Commission or such further time as such utility shall in writing agree to, but the rates fixed by such municipal government shall remain in full force and effect until ordered changed by the Commission."

Honorable Lon A. Smith,
Honorable Jerry Sadler    - page 3

It will be seen the statute prescribes no time
within which the appeal may be taken to the Commission.
Ordinarily, this time element is provided in connection
with the authority for the appeal.

An appeal as such is not essential to due process,
if the order or decision itself has been made or rendered
in a proceeding meeting this fundamental requirement of the
Constitution. The express granting of the right to appeal,
however, conclusively evidences the legislative intent that
such right should exist, so that we must construe the stat-
ute with respect to the time within which the right to ap-
peal must be exercised.

The purpose of all litigation is, of course, to
put an end to controversy. In turn, it is the purpose of
every appeal (where one is permitted) and especially of
the time element with respect to the exercising of such
appeal, is to put an end to the litigation. That accounts
for the almost universal rule that a time within which the
appeal is to be taken or perfected is stated in the statute
authorizing the appeal.

This statute either gives the right of appeal to
the dissatisfied utility without any limit whatsoever as to
the time within which the right must be exercised, or it
necessarily implies a limit as to such time. It is incon-
ceivable that the Legislature meant to confer the right of
appeal without any limitation whatsoever as to the time
within which such appeal should be taken. This idea is
inconsistent with the conception of expedition of the end
to the controversy, and, moreover, would result in a chaotic
uncertainty never contemplated by the Legislature.

We are of the opinion there should be read into
the statute as a necessary implication the requirement
that an appeal from the ordinance of the city to the Com-
mission should be taken within a reasonable time after the
right of appeal had accrued.

What is that "reasonable time" -- whether the
question be one of fact or of law -- necessarily depends
upon the circumstances of the particular fact situation.

In special proceedings, like the present, where
an appeal is authorized, the matter of time is not neces-
sarily determined by the general rule of time with respect

Honorable Lon A. Smith
Honorable Jerry Sadler -  page 4


to appeals, but on the contrary, the special statute
will control.  See 4 C. J. Sec. p. 889, § 431, where
the question is discussed.  At all events we are of
the opinion that where the longest time provided by
the general law for appeals in ordinary suits has
elapsed, it will mark the expiration of the reason-
able time which the special statute has, according
to our construction, provided in the present case.

In 4 C. J. Sec. p. 893 it is said/


"Of course, despite the existence of
special provisions making the time for
action dependent upon any of the matters
referred to, if no appeal or proceeding
for review is taken until after the ex-
piration of the longest period allowable,
whether the nature of the action or pro-
ceeding or of the disposition made by the
court below, in any aspect in which it
might be viewed, such action is there-
after barred without any need for inquiry
or decision as to such special matters."


So that, if the matter of reasonable time
be tested by analogy to the longest period for which
any statute expressly gives time to appeal, the mat-
ter has been foreclosed, for the delay shown in this
case exceeds any time known to the law for an appeal,
or even a writ of error treating that proceeding itself
as an appeal.

We therefore answer your first question in
the affirmative.


Since the ordinance rate was not affected
by the abortive effort to enjoin its enforcement,
and since there has been no other step taken, which
could result in vacating or suspending it, it fol-

Honorable Len A. Smith,
Honorable Jerry Sadler - page 5

lows that your second question should likewise be answer-
ed in the affirmative.

Our conclusions have support in the court de-
cisions of this State upon analogous situations constru-
ing appeals from boards of school trustees, and the State
Superintendent of Public Instruction.

> "But, while the Act does not expressly
> fix any time within which the appeal shall
> be prosecuted, the public interest demands
> that it shall be taken without unnecessary
> delay, and we are satisfied from the very
> nature of the case that such was the intent
> of the Legislature." -- Harkness vs. Hutcher-
> son (Tex.) 38 S. W. 1120.

> "A reasonable time without unnecessary
> delay, is the rule in such cases." -- Watkins
> vs. Huff, 63 S. W. 922, writ of error dis-
> missed written opinion 64 S. W. 682.

> "In the absence of any such rule (pro-
> mulgated by the State Superintendent) the
> sole inquiry then is; What is a reasonable
> time under all conditions surrounding the
> instant case?" -- Trustees of Chilicothe
> Ind. School Dist. vs. Dudney, 142 S. W.
> 1007. Thirty days was held to be a reason-
> able time in that case.

> "It is true the law does not prescribe
> the length of time in which an appeal from
> the action of a Board of Trustees can be
> taken, but the rules of equity do demand
> that such diligence must be used as will
> prevent innocent parties from being injured."
> -- Los Angeles Heights Ind. School Dist. vs.
> Chestnut, 287 S. W. 693. In that case two
> weeks was held to have been a reasonable
> time.

Honorable Lon A. Smith
Honorable Jerry Sadler - page 6


We trust this will be a sufficient answer
to your inquiries.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

By

Hugh Q. Buck
Assistant


APPROVED NOV 8, 1940

ATTORNEY GENERAL OF TEXAS

